**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT COLE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 06 C 4704 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

Three motions to dismiss are before the court: (1) police officers Herman Thomas and Cory Jones' motion to dismiss pursuant to Rule 4(m) based on untimely service; (2) paramedic Sean Finn, Caruso Locket, David Navarro, and David Jamison's motion to dismiss pursuant to Rule 4(m) based on untimely service; and (3) the City of Chicago's motion to dismiss Counts III and IV pursuant to Rule 12(b)(6). For the reasons set forth below, the motions to dismiss based on Rule 4(m) are denied, the City's motion to dismiss Count III is denied, and the City's motion to dismiss Count IV is granted.

**I.    Background**

The following facts are taken from plaintiff Robert Cole's complaint, and are deemed to be true for the purposes of the motion to dismiss. On July 14, 2005, after experiencing chest pains, Cole called 911. An ambulance arrived and transported Cole to Roseland Hospital. Upon Cole's arrival, Chicago Fire Department paramedic Demond Ward (who subsequently passed away on March 11, 2007) allegedly pulled Cole from the ambulance and slammed him to the ground. Ward next forced Cole into the emergency room and verbally threatened him, and then dragged him back outside, where he battered and assaulted Cole. Other Chicago Fire

Department paramedics and Roseland security personnel either failed to intervene or failed to investigate the incident.  Following the beating, Cole called the police to report the incident but police officers arriving on the scene arrested Cole for aggravated battery.

Cole's third amended complaint contains seventeen counts containing claims arising under state and federal law including battery, assault, willful and wanton conduct, negligence, premises liability, and false imprisonment and civil rights violations under 42 U.S.C. § 1983. Count III is a § 1983 claim against paramedic defendant Ward based on his alleged use of excessive force, and Count IV is a claim against paramedic defendants Finn, Lockett, Navarro, and Jamison for failure to intervene in violation of § 1983 after they allegedly saw Ward using excessive force against Cole.

## II.     Discussion

### A.     The Paramedics' and Police Officers' Motions to Dismiss Pursuant to Rule 4(m)

On July 14, 2006, Cole filed a state court complaint based on events that allegedly transpired on July 14, 2005.  On August 30, 2006, this action was removed to federal court based on the § 1983 claims in Cole's complaint.  On November 6, 2007, certain defendants moved to dismiss portions of the complaint.  While this motion was being briefed, on January 25, 2007, the court directed that summons would reissue as to the individual defendants, and on February 1, 2007, Cole obtained these summons.  The group of defendants who had filed the motion to dismiss, in the meantime, failed to file their reply and on March 6, 2007, the court ruled without the benefit of their views.

Later that month, the court granted leave for Cole to amend his complaint, and on April 3, 2007, Cole filed his amended complaint.  On April 5, 2007, Cole moved for an extension of

time to serve the complaint. On April 10, 2007, Magistrate Judge Brown granted this motion and gave Cole until June 11, 2007, to effect service. Cole was also given leave to amend his complaint again, which he did. In July of 2007, Cole was again granted leave to amend his complaint, which he again did. The paramedic defendants and police officer defendants filed their motions to dismiss on August 10, 2007, and August 13, 2007, respectively. The police defendants were served (with the then-existing version of the complaint) on February 15, 2007, and the paramedic defendants were served on June 1, 2007 (Navarro), June 3, 2007 (Finn), and June 6, 2007 (Jamison).

Contrary to Cole's arguments, federal law provides the governing rules regarding service of process post-removal. *See* Fed. R. Civ. P. 81(c)(1) (the Federal Rules "apply to a civil action after it is removed from a state court"); *see also Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001). Pursuant to Rule 12(b)(5), an action may be dismissed due to insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Rule 4(m) requires a plaintiff to serve his complaint within 120 days after it is filed, and provides that the court must extend the time to effect service if the plaintiff shows good cause for his failure to comply with the 120-day requirement. Fed. R. Civ. P. 4(m). To show good cause, the plaintiff must point to evidence showing that he used "reasonable diligence" in attempting to serve the defendants within Rule 4(m)'s 120-day period. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). If the plaintiff establishes good cause, the court must extend the time for service. *Id*. Alternatively, if the plaintiff fails to establish good cause, the court must consider whether a permissive extension of time for service is warranted. *Id*.

Here, the police officer and paramedic's Rule 12(b)(5) motion to dismiss appears to be a back-door effort to seek reconsideration of Magistrate Judge Brown's April 10, 2007, order granting Cole's request for an extension of time until June 11, 2007, to effect service. Having not objected to this order, they cannot now challenge it. *See* Fed. R. Civ. P. 72(a). In any event, the court would not have dismissed the complaint based on untimely service of process. Cole's counsel tried to effect service on multiple occasions. In addition, the statute of limitations would bar Cole from refiling his complaint against the individual defendants. *See Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d at 341, *citing* Advisory Committee Note to the 1993 Amendments to Fed. R. Civ. P. 4(m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service").

Finally, the defendants' argument about prejudice is unconvincing. They contend that Chicago Fire Department paramedic Demond Ward was a key witness who died on March 11, 2007. According to the defendants, if they had been served prior to Ward's death, they would have been able to depose Ward. No evidence, however, indicates that the parties would have sprung into action and begun to depose witnesses immediately following service had the individual defendants been served within the original 120-day period. Instead, the only way that Ward would have been deposed prior to his death is if the parties were gifted with prevision and knew that Ward was on the brink of death. The failure to depose Ward during his lifetime thus cannot be credibly laid at Cole's door. In short, the individual defendants' motions to dismiss pursuant to Rule 12(b)(5) are denied because they are untimely attempts to challenge a ruling by Magistrate Judge Brown and, in any event, fail on the merits.

### B. The City's Rule 12(b)(6) Motion to Dismiss Cole's § 1983 Claims Against the Paramedics

#### 1. Standard of Review

In ruling on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). According to the Seventh Circuit, this language imposes two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007). Second, the factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.* Meanwhile, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *See Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

#### 2. Cole's Claims Against the Paramedic Defendants

As noted above, Count III is a § 1983 claim against paramedic defendant Ward based on his alleged use of excessive force, and Count IV is a claim against paramedic defendants Finn, Lockett, Navarro, and Jamison for failure to intervene in violation of § 1983 after they allegedly saw Ward using excessive force against Cole. These counts are based on Cole's allegation that

the paramedic defendants engaged in three distinct activities on the night in question. First, Ward removed Cole from the ambulance and, while doing so, allegedly slammed him to the ground. Second, Ward allegedly removed Cole from the emergency room and assaulted him. Third, the remaining paramedics allegedly failed to intervene and stop Ward from assaulting Cole.

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution or laws of the United States." 42 U.S.C. § 1983; *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). According to the City, paramedics (unlike police officers) are not authorized to use physical force and hence cannot be said to act under the color of state law when they are accused of using excessive force or failing to intervene to prevent a battery. The City thus concludes that Cole's § 1983 claims against the paramedic defendants must be dismissed because the allegations in Cole's complaint are inconsistent with the conclusion that these defendants acted under color of state law.

The parties agree that City of Chicago paramedics are state actors for purposes of § 1983 when they act as "public employees acting in the course of their normal duties." *Ramirez v. City of Chicago*, 82 F. Supp. 2d 836, 840-41 (N.D. Ill. 1999) (paramedics have a duty to provide medical care to individuals in police custody); *Salazar v. City of Chicago*, 1985 WL 2482, No. 84 C 10156, at *2 (N.D. Ill. Sep. 09, 1985) (paramedics acted under color of state law when deciding whether to treat the plaintiff). Cole, however, argues generally that the paramedic defendants allegedly violated § 1983 when they were on-duty working as paramedics and thus must have acted under color of state law when they assaulted him (Ward) and failed to intervene (the remaining paramedics).

This is overbroad, as "[n]ot every action by a state official or employee is to be deemed as occurring 'under color' of state law." *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989); *see also Gibson v. City of Chicago*, 910 F.2d 1510, 1516-17 (7th Cir. 1990) (collecting cases holding that "a mere assertion that one is a state officer does not necessarily mean that one acts under color of state law"). Instead, an action is taken under color of state law when it "involves a misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . . As a result, acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office." *Honaker v. Smith*, 256 F.3d 477, 484-85 (7th Cir. 2001) (internal quotations omitted).

Ward allegedly slammed Cole to the ground while he was taking Cole out of the ambulance. Moving patients in and out of ambulances is something that paramedics do in the course of their regular duties. Viewing the complaint in the light most favorable to Cole, the court finds that this allegation is enough to support Cole's argument that Ward was acting under color of state law during Cole's removal from the ambulance, as an allegedly improper use of force occurred while Ward was performing his official duties.

This conclusion is supported by the Seventh Circuit's decision in *Honaker v. Smith*. In that case, the defendant – who was the mayor of the Village of Lovington as well as its fire chief– set fire to the plaintiff's home. The Seventh Circuit affirmed the district court's finding that the mayor/fire chief did not act under color of state law in setting the fire because the record did not show that setting the fire was related to the performance of any official duties. *Id*. In contrast, in the instant case Cole has alleged that at least part of the alleged excessive force

occurred while Ward was performing his official duties. Thus, the City's motion to dismiss Count III based on the City's contention that Ward was not acting under color of state law is denied.

This leaves Count IV, which is a § 1983 claim against paramedic defendants Finn, Lockett, Nacarro, and Jamison based on their alleged failure to intervene when they purportedly saw Ward using excessive force against Cole. As discussed above, a state employee acts under color of state law only where his allegedly wrongful actions are related to the performance of his official duties. *See id.*; *see also Hughes v. Meyer*, 880 F.2d at 972 (Wisconsin Department of Natural Resources warden did not act under color of state law when he gave local law enforcement information about the defendants' alleged criminal actions because "the warden's authority as an official who enforced the state's game laws did not extend to the general enforcement of state law"); *Gibson v. City of Chicago*, 910 F.2d at 1517 ("the essential inquiry becomes whether [the plaintiff] has created a triable issue of fact concerning whether [the defendant's] actions related in some way to the performance of a police duty"); *Chavez v. Guerrero*, 465 F. Supp. 2d 864, 870-71 (N.D. Ill. 2006) (determination of whether an action was taken under color of state law turns on "the nature of the act [the alleged state actor] performed, and whether that act was related to his official duties" so police officer attempting to attract the plaintiff's dating interest did not act under color of state law when he neither suggested that he was performing official duties nor took any actions associated with the performance of official duties, such as using physical force or handcuffing her or arresting the plaintiff); *Vanderlinde v. Brochman*, 792 F.Supp. 52, 53, 55-56 (N.D. Ill. 1992) (firefighters involved in bar fight were not acting under color of state law even though they displayed their badges and told plaintiff they

were "the law in Oak Lawn" during the fight because nothing about the office of firefighter related to the fight and law enforcement is "not . . . the authorized role of firefighters").

Here, Cole's § 1983 claims against paramedic defendants Finn, Lockett, Nacarro, and Jamison appear to be premised on his belief that these defendants acted under color of state law merely because they are state employees. For the reasons discussed above, this assumption is incorrect. Accepting the allegations of the complaint as true, Finn, Lockett, Nacarro, and Jamison stood by while Ward assaulted Cole, but were not performing any paramedic duties at the time. Finn, Lockett, Nacarro, and Jamison thus appear to be substantively interchangeable with any random bystander. This means that based on Cole's allegations, these defendants were not acting under color of state law when they allegedly failed to intervene to protect Cole. *See Zienciuk v. City of Chicago*, No. 01 C 3769, 2002 WL 1998309, at *6 (N.D. Ill. Aug. 28, 2002) (defendant police officers were not acting under color of state law during bar fight because "they behaved the same way non-police officers would behave").

Accordingly, the claims against Finn, Lockett, Nacarro, and Jamison in Count IV are dismissed without prejudice. Cole may amend Count IV, consistent with this order and counsel's Rule 11 obligations by January 31, 2007. If he does not do so, the dismissal of Count IV will automatically convert to a dismissal with prejudice.

### III. Conclusion

For the above reasons, police officers Herman Thomas and Cory Jones' motion to dismiss pursuant to Rule 4(m) based on untimely service [#72] and paramedic Sean Finn, Caruso Locket, David Navarro, and David Jamison's motion to dismiss pursuant to Rule 4(m) based on untimely service [#68] are denied. It is further ordered that the City of Chicago's motion to

dismiss the § 1983 claims against the paramedics [#70] is granted in part and denied in part. Specifically, the City's motion to dismiss Count III is denied and its motion to dismiss Count IV is granted. Cole may amend Count IV, consistent with this order and counsel's Rule 11 obligations by January 31, 2008. If he does not do so, the dismissal of Count IV will automatically convert to a dismissal with prejudice.

DATE:   January 4, 2008

                                                           Blanche M. Manning
                                                           United States District Judge